In re the JULIEN COMPANY, Debtor.

Jack F. MARLOW, Trustee for the Julien Company, Plaintiff,

v.

The UNITED STATES of America, Defendant.

v.

Sarah J. HOHENBERG, Thomas M. and Juliet H. Thompson, Letitia C. Hohenberg, Adam E. Hohenberg, Mary M.G. Hohenberg, Jason A. Baum Hohenberg, Rachel H. Hohenberg (Minor), and Julien J. Hohenberg, Third–Party Defendants.

Bankruptcy No. 90–20283–B.
Adv. No. 90–0324.

United States Bankruptcy Court,
W.D. Tennessee, W.D.

Dec. 27, 1991.

See also 136 B.R. 755.

Carol C. Priest, Trial Atty., Tax Div., U.S. Department of Justice, Washington, D.C.

William Siler, Asst. U.S. Atty., Memphis, Tenn.

John McQuiston, II, Evans & Petree, Memphis, Tenn., for third-party defendants.

Robert J. D'Agostino, Law Offices of William L. Norton, Jr., Atlanta, Ga., for Julien J. Hohenberg.

David J. Cocke, Borod & Kramer, Memphis, Tenn., for Jack F. Marlow, trustee.

---

Julie C. Chinn, Asst. U.S. Trustee, Memphis, Tenn.

## MEMORANDUM OPINION AND ORDER REGARDING MOTION TO DISMISS FILED BY THIRD PARTY DEFENDANTS

WILLIAM H. BROWN, Bankruptcy Judge.

This cause is before the court on the motion of the third party defendants to dismiss the third party complaint filed by the United States of America (Internal Revenue Service). At issue is whether this bankruptcy court possesses the subject matter jurisdiction necessary to hear the third party complaint in this adversary proceeding.[1] The following constitutes findings of fact and conclusions of law pursuant to F.R.B.P. 7052.

In this adversary proceeding, the Trustee for The Julien Company filed a complaint against the United States, pursuant to 11 U.S.C. §§ 106(b), 542, 544(b), 548, and 550, seeking to recover funds allegedly conveyed to the United States. These funds were alleged to have been accepted and treated as payments against the personal income tax liabilities of the third party defendants. The United States answered the complaint and has filed a third party complaint, with leave of court. The United States prays that if a judgment is entered in favor of the Trustee, then the court will enter a judgment against the third party defendants in the same amount for their alleged tax liabilities. The third party defendants have filed a motion to dismiss the third party complaint for lack of subject matter jurisdiction. They argue that this court does not have jurisdiction to determine the tax liabilities of the third party defendants in this proceeding.

### A. 11 U.S.C. § 505

■ 11 U.S.C. § 505(a)(1) states that:
Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any

---

1. *See,* 28 U.S.C. §§ 157(b), (c), 1334(b).

addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

The circuits have been split on their interpretation of whether § 505(a)(1) grants jurisdiction to determine the tax liabilities of nondebtors. *See, Michigan Employment Security Commission v. Wolverine Radio Co., Inc., (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1138–40 (6th Cir.1991), *petition for cert. filed*, August 13, 1991; *Quattrone Accountants, Inc. v. IRS*, 895 F.2d 921, 924–25 (3rd Cir.1990); *United States v. Huckabee Auto Co.*, 783 F.2d 1546, 1549 (11th Cir.1986). The third party defendants rely on *United States v. Huckabee Auto Co.*, 783 F.2d 1546 (11th Cir.1986), which states that § 505(a) does not "extend to the separate liabilities of taxpayers who are not debtors under the Bankruptcy Code." *Id.* at 1549. The Sixth Circuit has followed the Third Circuit's analysis in *Quattrone Accountants*, 895 F.2d at 925–26, by holding that although § 505 does not *grant* jurisdiction over the determination of a nondebtor's tax liability, it "does not *limit* the bankruptcy court to determining only a debtor's tax liability." *In re Wolverine Radio Co.*, 930 F.2d at 1140 (quoting *Quattrone Accountants, Inc.*, 895 F.2d at 925). Because of § 505's legislative history and placement in the Bankruptcy Code chapter named "Creditors, the Debtor, and the Estate," it "is not applicable where the court is not dealing with the interrelationship and effect of creditors and their claims on the bankrupt debtor." *Id.* at 1140 (quoting *Quattrone Accountants, Inc.*, 895 F.2d at 925). The Sixth Circuit therefore decided that a bankruptcy court's jurisdiction in a case involving nondebtors should be determined solely by 28 U.S.C. § 1334(b). *Id.* The third party claim in the present case involves the potential tax liabilities of nondebtors, and so this Court will look to § 1334(b).

### B. 28 U.S.C. § 1334

 Under 28 U.S.C. § 157(a), each district court is given the power to refer bankruptcy cases and proceedings over which it has jurisdiction, pursuant to § 1334, to the bankruptcy judges for its district. *Id.* 28 U.S.C. § 1334(b) states as follows:

> Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

Therefore, § 1334(b) gives the district courts, and the bankruptcy courts by reference, jurisdiction to hear all civil proceedings: (1) "arising under title 11," (2) "arising in a case under title 11," or (3) "related to cases under title 11." *In re Wolverine Radio Co.*, 930 F.2d at 1140–41.

Those proceedings "arising under title 11" include only "those proceedings that involve a cause of action created or determined by a statutory provision of title 11." *Wood v. Wood, (In re Wood)*, 825 F.2d 90, 96 (5th Cir.1987). Proceedings "arising in" title 11 cases are " 'administrative' matters that arise *only* in bankruptcy cases" or in other words, "are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Id.* at 97. Proceedings "related to" cases under title 11 are the third category which will be explained in detail later in this opinion.

However, for the purpose of determining whether subject matter jurisdiction exists in this court, a distinction between the three categories is not necessary. All three combine to define the scope of jurisdiction. Therefore, it is only necessary to resolve whether a proceeding is at least "related to" the bankruptcy in order to establish subject matter jurisdiction. *In re Wolverine Radio Co.*, 930 F.2d at 1141; *In re Wood*, 825 F.2d at 93.

"Related" matters are not defined in 28 U.S.C. § 1334(b). However, the usual test applied by the courts is "whether the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *In re Wolverine Radio Co.*, 930 F.2d at 1142 (emphasis added). Its resolution must affect the amount

of property available for distribution or the allocation of property among creditors. *Spaulding & Co. v. Buchanan, (In re Spaulding & Co.)*, 131 B.R. 84, 88 (N.D.Ill. 1990). The only caveat to this test is that "situations may arise where an extremely tenuous connection to the estate would not satisfy the jurisdictional requirement." *In re Salem Mortgage Co.*, 783 F.2d 626, 634 (6th Cir.1986).

The Sixth Circuit in *In re Wolverine Radio Co.*, 930 F.2d at 1142, found subject matter jurisdiction where the proceeding was at least "related to" the bankruptcy case. That debtor had previously agreed to indemnify the third party against all liabilities, costs, and expenses arising from the operation of the debtor company. That third party's interest was to be affected by the action for which jurisdiction was sought, and therefore, indemnification would have been likely. *Id.* at 1135–36, 1143. The outcome of the controversy could also have bound the debtor by res judicata or collateral estoppel. *Id.* at 1143.

In *Spaulding & Co. v. Buchanan, (In re Spaulding & Co.)*, 131 B.R. 84 (N.D.Ill. 1990), the court found that no jurisdiction existed in order to sustain the third party complaint. *Id.* at 88–90. The debtor had initially filed bankruptcy under Chapter 11 and had then brought an adversary complaint to set aside a preference. The defendant in that action filed a third party complaint against the debtor's former counsel seeking indemnification and other relief. The debtor had previously entered into a settlement agreement in which he promised to indemnify the defendant for any loss from a breach of that agreement. The third party defendant had asserted in a state court suit that it was a third party beneficiary of that same settlement agreement. Because of that assertion, the defendant claimed that the debtor's obligations under that agreement, including the promise to indemnify, had been assumed by the third party defendant. *Id.* at 86–87. However, the court determined that this third party complaint was not related to the bankruptcy case. It could have had no financial effect on the debtor's estate or on the apportionment of the debt-

or's assets between its creditors. *Id.* at 88. The possible indemnification from the third party defendant would not affect the size of the estate. The one contingent effect was if the third party defendant filed a proof of claim for the costs of indemnification. However, the court determined that it could not assume that a claim would be filed and therefore held that no jurisdiction existed. *Id.* at 88–89.

In the present case, the resolution of the third party's claim would have no *conceivable* effect on the estate being administered in bankruptcy. The issue in the third party complaint concerns the third party defendants' separate and distinct personal income tax liabilities. The funds allegedly paid by the debtor, The Julien Company, to the United States in favor of the third party defendants would not be involved. If the Trustee fails in his suit to recover these funds allegedly fraudulently conveyed, then the United States will not have a claim against the third party defendants for their taxes. On the other hand, if the Trustee succeeds, then the United States would be forced to return the said funds to the estate. The United States argues that a practical difficulty would arise if it is forced to return the funds. If the third party defendants were not joined in the bankruptcy suit, the United States claims that it would have no authority to take the funds from the third party defendants' accounts. However, this technical difficulty does not concern this court. The United States was alleged to have been aware that the third party defendants' tax liabilities were being paid by another, the debtor, at the time of payment. These funds were duly accepted. It would be up to the United States to work out any technical difficulties regarding these funds. The return of the exact monies which the debtor paid would not be necessary as long as the amount was the equivalent. No effect on the debtor's estate is therefore shown by this argument.

Thus, the only analysis left to the Court is to assume that the Trustee succeeds in his adversary action and the United States brings its third party claim. The United

States could then either fail or succeed against the third party defendants for collection of their taxes. If the United States failed in its third party claim, then the size or allocation of the debtor's estate would not be affected and it would be as if no third party claim had ever been brought.

If the United States prevailed on its third party claim, there still would be no *conceivable* effect on this estate being administered in bankruptcy. The funds which the third party defendants would be forced to pay to the United States would be satisfying their own personal tax liabilities which the debtor previously paid. The funds paid back to the debtor by the United States would not be affected, and the monies used by the third party defendants could not be those of the estate. The third party defendants would also have no recourse or basis for indemnification of losses, costs, or expenses against the debtor or its estate. Finally, the outcome of the third party controversy could not bind the debtor by res judicata or collateral estoppel.

Therefore, the resolution of the third party claim would not affect the amount of property available for distribution or allocation among creditors. The third party proceeding is not "related to" the bankruptcy as required in 28 U.S.C. § 1334(b), and this bankruptcy court does not possess subject matter jurisdiction to hear this third party proceeding.

Because of this decision, an analysis of 28 U.S.C. § 157(b) is not necessary. Section 157(b) creates a statutory distinction between core and non-core proceedings and then restricts the power of the bankruptcy court to adjudicate these "non-core" or "otherwise related to" proceedings. *Id.* The list of core proceedings in § 157(b)(2) "does not provide an independent source of jurisdiction" to hear a complaint. *Spaulding & Co. v. Buchanan, (In re Spaulding & Co.)*, 131 B.R. 84, 89 (N.D.Ill.1990). Therefore, the extent of this court's jurisdiction need not be determined under 28 U.S.C. § 157(b) where the court has found that no subject matter jurisdiction exists under 28 U.S.C. § 1334(b).

The United States is not prejudiced in any way by this lack of subject matter jurisdiction because its claim does exist outside of the bankruptcy. The United States can determine the tax liabilities of the third party defendants in an appropriate federal court. Nevertheless, the United States argues that bringing the third party claim in a separate court could produce inconsistent results. However, the risk of inconsistent results would be no less in this bankruptcy court than in any other court, nor can this court assume that another federal court would not properly decide the claim. If the United States is forced to return the funds paid by the debtor for the third party defendants, it does not automatically follow that the third party defendants owe the United States these funds without a fair adjudication of whether the taxes were ever initially owed.

In addition, the United States argues that it could be precluded from collecting from the third party defendants in another federal court due to relevant statutes of limitations. This argument does not hold because the United States could file now in the appropriate court, and that court could stay any discovery or proceedings in the case until the Trustee's fraudulent conveyance action against the United States is resolved in this bankruptcy court.

Finally, the United States urges that if the court holds that it received the funds from the debtor through a fraudulent conveyance, then the third party defendants, as beneficiaries of this transfer, should be held equally responsible in the bankruptcy court. However, according to the Bankruptcy Code, the decision whether to attempt to recover from the beneficiary of a transfer is not for this court to decide. 11 U.S.C. § 550(a)(1) states that:

Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made;

The Trustee therefore has the option to seek to recover from the initial transferee or the beneficiary of the transfer or both. In this case, the Trustee chose the initial transferee, the United States. The court has no power to independently include the third party defendants in the Trustee's adversary action. Therefore, the United States' final argument is not sufficient, and does not overcome the court's lack of subject matter jurisdiction to hear the third party claim.

The court notes that the lack of subject matter jurisdiction over the third party complaint makes the third party defendants' motion to dismiss and/or quash the purported service of process of the first amended third party complaint a moot issue.

## CONCLUSION

The court concludes that it lacks subject matter jurisdiction to hear the third party complaint in this adversary proceeding. According to 28 U.S.C. § 1334(b), this court has jurisdiction to hear all civil proceedings arising under, arising in, or related to cases under title 11. These categories combine to define the scope of the jurisdiction, so the court must resolve whether a proceeding is at least "related to" the bankruptcy. In this case, the third party claim is not "related to" the bankruptcy, and its resolution could have no *conceivable* effect on the estate being administered in bankruptcy. Therefore, the court must grant the motion of the third party defendants to dismiss the third party complaint filed by the United States for lack of subject matter jurisdiction.

IT IS THEREFORE ORDERED that the motion to dismiss this third party complaint is granted based upon the lack of subject matter jurisdiction.

SO ORDERED.