**In re Robert John THOMAS, Debtor.**

**Bankruptcy No. 94–14579SR.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Aug. 10, 1995.

Malcolm H. Waldron, Jr., Waldron & Goldstein, Philadelphia, PA, for Debtor.

Angelo A. Frattarelli, Attorney Tax Division, U.S. Department of Justice, Washington, DC, for U.S. Department of Justice.

## OPINION

STEPHEN RASLAVICH, Bankruptcy Judge.

### Introduction

This matter comes before the Court upon the objection of the Debtor, Robert John Thomas (hereafter "Thomas" or "The Debtor") to a certain proof of claim filed in this Chapter 13 case by the Internal Revenue Service ("IRS"). An evidentiary hearing was held on May 19, 1995, and the parties have submitted Memoranda of Law in support of their respective positions. For the reasons which follow, the Debtor's objection to the IRS claim will be denied.

### Background

The instant dispute centers around unpaid employment taxes of an entity known as the Fiddler Baking Company, a Pennsylvania Corporation that formerly owned and operated retail bakery stores in Philadelphia, Pennsylvania, Vorhees, New Jersey, and Cherry Hill, New Jersey ("FBC"). In particular, the question before the Court goes to the Debtor's liability for FBC's unpaid payroll taxes, if any, as a "responsible person," a theory of liability pursuant to which persons other than a primary taxpayer may, by reason of their conduct, be held accountable for the primary taxpayer's unremitted "trust fund"-type withholding taxes. (See discussion *infra*). The tax periods specifically in issue are the third and fourth quarters of calendar year 1986 and all four quarters of calendar year 1987, after which FBC ceased doing business. In the aggregate, employment taxes in the amount of $161,427.71 accrued during this time period, all of which remains unpaid. It is this amount, plus interest, which the IRS now seeks to recover from the Debtor. This being the case, the record made on May 19, 1995, appropriately focused on the relationship between Thomas and FBC, in part before, but principally during the relevant tax periods. In this respect, the evidence adduced at the hearing established the following facts:

The stock of FBC was originally owned in equal shares by its two officers, of record, Michael DiOrio and Malcolm Waldron, the latter perhaps not coincidentally being the attorney representing the Debtor in this contested matter. Michael DiOrio died in June, 1986. Prior to his death, DiOrio managed the business, with Waldron having a silent or passive role in the company's affairs. Following his death, DiOrio's wife Carol acceded to his ownership interest in the company and also assumed, for the first time, some managerial duties with respect to operation of the business.

The Debtor is an accountant who has maintained a business office within attorney Waldron's law office since 1982. The Debtor pays no rent to Waldron, but has historically performed various accounting services for clients of Waldron, and for FBC. The thrust of the Debtor's case in support of his objection to the filed claim of the IRS consisted of his own testimony, through which he endeavored to distance himself from FBC and its activities. In this respect Thomas portrayed himself as an ordinary arm's length outside professional whose contacts with FBC consisted of preparing its annual income tax

return, with some additional, itinerant, inconsequential accounting services. Had the balance of the record borne out this depiction, the Court would have little hesitancy in absolving Thomas from the liabilities with which the IRS seeks to charge him. However, the contrary evidence on this issue, including testimony elicited from Thomas himself on cross examination, wholly belied this benign picture.

In the first place it is clear that Thomas is minimizing the extent of the accounting services performed by him for FBC. In a 1992 interview with a revenue officer from the IRS Thomas acknowledged that he personally maintained the books and records of FBC and, moreover, that he was aware at all times that the company was not remitting its payroll taxes. (Exhibit B-J N.J. 5-19-95 @ page 23). Evidence tended further to establish that Thomas had significant involvement and authority with respect to various managerial issues, including the identity of particular creditors to be paid by the company and the preparation of checks for payment. In this regard Thomas' testimony that he acted only at the direction of the Company's owners where matters of disbursement were concerned was rebutted both by Michael DiOrio's widow Carol, as well as by a former employee, Mary Signorelli, each of whom the Court found to be credible and persuasive as to this issue.

Thomas asserted that he was not an officer of the corporation, however, he acknowledged that he had represented himself to be an officer of the corporation on at least two separate occasions: once, in 1983 when he signed a corporate banking resolution as Treasurer, (Exhibit B-2) and again in 1985, when he signed the corporation's 1985 income tax return, again as Treasurer. (Exhibit B-1). With respect to the latter representation the Debtor, when asked why he had signed the 1985 tax return, candidly but disturbingly explained that neither of the Corporations shareholders were willing to sign the return and so he did so, at the request of Waldron, who advised him that he (Thomas) could be the company's "Treasurer for the day." This like many of Thomas' disclosures came out only on cross-examination after Thomas through misleading or evasive testimony on direct examination either took a directly contrary position or sought to put a different "spin" on his actions. The upshot of this rather brazen performance was to wholly erode any vestige of credibility the Court might otherwise have assigned to Thomas.

With respect to payroll in particular, the Debtor additionally conceded that he had personally signed numerous payroll checks for FBC employees at times when he knew that the related payroll taxes were not remitted by FBC. Thomas testified that when he did so it was either at the direction of Waldron, or as an accommodation to Michael DiOrio and later, his wife Carol. Implicit in the Debtor's testimony is his belief that these acts lacked or should be accorded little or no legal significance by the Court in the matter *sub judice*; a proposition the Court finds especially incredulous given the Debtor's formal education, professional training and experience, all of which was detailed on the record in open Court.

Against this factual record, the Court turns to consideration of the applicable legal principles.

### Discussion

The Debtor filed his petition for relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, on July 15, 1994. On or about September 24, 1994, the IRS filed a Proof of Claim in the amount of $215,218.60 for unpaid pre-petition taxes. The Proof of Claim reflects the following:

| | |
|---|---|
| $171,235.05 | (Secured Claim) |
| 32,138.11 | (Unsecured Priority Claims) |
| 11,845.44 | (Unsecured General Claims) |
| $215,218.60 | Total |

The secured portion of the IRS' Proof of Claim consists solely of the penalty assessed against the Debtor as a "responsible person" pursuant to 26 U.S.C. § 6672 in the amount of $161,427.71 in unpaid FWT (income) and FICA (social security) taxes, a $14 lien filing fee, and $9,793.34 in interest. The Debtor filed the instant objection to the Proof of Claim on December 14, 1994, arguing, *inter*

*alia,* that he is not a "responsible person" under 26 U.S.C. § 6672.[1]

■ The IRS has imposed the assessment against the Debtor pursuant to 26 U.S.C. § 6672, which provides in pertinent part:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.[2]

The imposition of liability against the Debtor under section 6672 was appropriate, if two conditions were present: (1) the Debtor was a "responsible person," who (2) willfully failed to perform a duty to collect, account for, or pay over federal employment taxes withheld from employees' paychecks. *Greenberg v. United States,* 46 F.3d 239, 242 (3d Cir.1994) (citing *United States v. Carrigan,* 31 F.3d 130, 133 (3d Cir.1994); *Brounstein v. United States,* 979 F.2d 952 (3d Cir.1992)).

### Responsible Person

■ A responsible person under section 6672(a) is a person required to collect, truthfully account for or pay over any tax. *Quattrone Accountants, Inc. v. IRS (In re Quattrone Accountants, Inc.),* 895 F.2d 921, 927 (3d Cir.1990) (citing *Slodov v. United States,* 436 U.S. 238, 98 S.Ct. 1778, 56 L.Ed.2d 251 (1978)). The responsible person need not be a corporate officer.[3] *Id.* Responsibility is a matter of status, duty or authority, not knowledge. *Greenberg v. United States,* 46 F.3d at 243. A person who has significant, though not necessarily exclusive, control an employer's finances may be responsible with-

in the meaning of the statement. *Quattrone Accountants,* 895 F.2d at 927 (citing *United States v. Vespe,* 868 F.2d 1328, 1332 (3d Cir.1989)). For these purposes a person has significant control if he makes the final, or plays a significant role in the, determination of which bills or creditors get paid. *Id.* (citing *Commonwealth Nat'l Bank of Dallas v. United States,* 665 F.2d 743, 757 (5th Cir.1982)).

■ More than one individual may be a responsible person for any given employer. *United States v. Vespe,* 868 F.2d at 1331. The fact "that another person also may be liable under section 6672 does not effect the liability of the person presently subject to suit." *Quattrone Accountants,* 895 F.2d at 926. Section 6672 imposes joint and several liability on each responsible person, and each responsible person can be held for the total amount of the withholding not paid. *Id.* (*Sinder v. United States,* 655 F.2d 729, 732 (6th Cir.1981)). Even though the IRS will not collect more than 100 percent of the taxes owed, each person responsible under section 6672 is liable for that 100 percent. *Id.*

In determining whether an individual is a "responsible person," many courts have considered the following factors:

(1) contents of the corporate bylaws, (2) ability to sign checks on the company's bank account, (3) signature on the employer's federal quarterly and other tax returns, (4) payment of other creditors in lieu of the United States, (5) identity of officers, directors, and principal stockholders in the firm, (6) identity of individuals in charge of hiring and discharging employees, and (7) identity of individuals in charge of the firm's financial affairs.

---

1. At trial, the Debtor acknowledged that he owed the $32,138.11 asserted as an unsecured priority claim and the $11,845.44 general unsecured portion of the claim. The Debtor also stipulated to the fact that the IRS had filed a tax lien, which secures the balance of the IRS' claim, if the Court determines that the Debtor is a "responsible person."

2. Although a person's obligations under section 6672 are set forth conjunctively, the language of section 6672 is not intended to limit liability to only those persons responsible to perform all

three of the enumerated duties, i.e., to collect, truthfully account for and pay over taxes. *Slodov v. United States,* 436 U.S. 238, 247–48, 98 S.Ct. 1778, 1785, 56 L.Ed.2d 251 (1978). Rather, it also includes persons responsible to perform *any* of the three enumerated duties. *Id.* at 250, 98 S.Ct. at 1787.

3. For purposes of section 6672, a "person" is defined "[as] an officer *or* employee of a corporation. . . ." 26 U.S.C. § 6671(b) (emphasis added).

*Brounstein v. United States,* 979 F.2d at 955 (citing *Datlof v. United States,* 252 F.Supp. 11, 32–33 (E.D.Pa.), *aff'd,* 370 F.2d 655 (3d Cir.1966), *cert. denied,* 387 U.S. 906, 87 S.Ct. 1688, 18 L.Ed.2d 624 (1967)).

In the instant case, many of the above factors are present. For example, the Debtor signed checks, even though he was not an authorized signor on FBC's checking accounts. On at least two occasions, the Debtor signed documents as treasurer of FBC, even though he was technically not FBC's treasurer. The Debtor also apparently hired at least one woman to work in FBC's bookkeeping department. Finally, the Debtor had consistently significant, and perhaps at times exclusive, control in the determination of which of its creditors would be paid by FBC. Based on the foregoing, the Court concludes with little hesitation that the Debtor was a responsible person within the Fiddler Banking Company for purposes of 26 U.S.C. § 6672.

### Willfulness

Having concluded that the Debtor was a responsible person, the Court must next determine whether the Debtor's failure to remit the payroll taxes in question was willful. For purposes of section 6672, willfully "means a voluntary, conscious, and intentional decision to prefer other creditors over the Government." *Quattrone,* 895 F.2d at 928. Wilfulness is present if the responsible person had knowledge of a tax delinquency and knowingly failed to rectify it when there were available funds to pay the government. *Gephart v. United States,* 818 F.2d 469, 475 (6th Cir.1987).

In the instant case, the Debtor clearly knew that the payroll taxes were not being paid. That fact is admitted. As to the issue of whether the Debtor preferred other creditors over the government, the Court credits the testimony of Mary Signorelli, that the Debtor at one point instructed her that a certain group of creditors, which did not include the IRS, were always to be paid. It is obvious moreover, and indeed the Debtor admits, that many other obligations besides taxes were being paid by FBC during the relevant period. (See Exhibits G–6, 7, and

8). Since the Court has found that the Debtor had a significant role in determining which creditors received payment, his concomitant decision to prefer some creditors over the government, establishes the requisite wilfulness within the meaning of section 6672.

### Conclusion

Having determined that the Debtor was a "responsible person" who willfully failed to pay over federal employment taxes, it follows that the IRS has properly assessed a 100 percent penalty against the Debtor as permitted by law. The Debtor's Objection to the claim of the IRS will accordingly be denied.