**In re: RNI WIND DOWN CORPORATION, et al., Debtors**

**Estate of Charles L. Grimes, by and through Jane Grimes and Ames Brown, co-executors, Appellants.**

No. 09–2232.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Dec. 15, 2009.

Filed: Jan. 5, 2010.

Steven K. Kortanek, Esq., Womble, Carlyle, Sandridge & Rice, Wilmington, DE, for Debtors.

Kenneth J. Enos, Esq., Young, Conaway, Stargatt & Taylor, Christopher A. Ward, Esq., Polsinelli Shughart, Wilmington, DE, for Debtors/Appellants.

David A. Jenkins, Esq., Kathleen M. Miller, Esq., Smith, Katzenstein & Furlow, Wilmington, DE, for Appellants.

Before: FISHER, HARDIMAN and VAN ANTWERPEN, Circuit Judges.

## OPINION OF THE COURT

FISHER, Circuit Judge.

The Estate of Charles L. Grimes appeals an order of the District Court affirming a 9019 motion granted by the Bankruptcy Court approving modifications to a settlement agreement of a derivative suit filed on behalf of Riverstone Networks, Inc. ("RNI") against its former officers and directors. On appeal, the Estate contends that the Bankruptcy Court lacked subject matter jurisdiction to approve the amendment to the settlement agreement and incorrectly allowed the settlement to be amended without the Estate's consent. For the reasons set forth herein, we will affirm.

## I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

This case began with the filing of a derivative action on behalf of RNI in the United States District Court for the Northern District of California against the corporation's former officers and directors. The derivative action was settled and the

court gave its preliminary approval of the Settlement Agreement subject to the requirements of Fed.R.Civ.P. 23.1. Charles Grimes, a large shareholder of RNI, objected to final approval of the settlement because of the $1.75 million in fees to be paid to plaintiff's counsel and because of the "unitary" nature of the settlement agreement.[1] The District Court approved the settlement and Grimes appealed to the United States Court of Appeals for the Ninth Circuit on August 11, 2005.

On February 7, 2006, RNI filed for protection under Chapter 11 of the Bankruptcy Code.[2] The Ninth Circuit denied a motion filed by both RNI and the plaintiffs in the derivative action to dismiss Grimes' appeal as moot on March 17, 2006. Soon thereafter, acting pursuant to the automatic stay provision of the bankruptcy code, the Ninth Circuit issued a stay of Grimes' appeal on March 29, 2006, and that stay remains in effect.

Plaintiffs in the derivative suit and RNI then sought to change the terms of the Settlement Agreement by requiring plaintiffs' attorneys to refund $950,000 of their fees to RNI's Bankruptcy Estate. On June 8, 2006, the RNI filed a motion pursuant to Bankruptcy Rule 9019 seeking approval of the amendment to the settlement agreement.

Grimes objected before the Bankruptcy Court asserting that the Court lacked jurisdiction to vacate or modify the California District Court's First Settlement order; that as the only appellant in the Ninth Circuit appeal, Grimes' consent was needed to settle that suit; and that Debtors did not show that the proposed settlement was reasonable. The Bankruptcy

---

1. In a unitary settlement, the fee agreement is included as a term of the settlement, and the reviewing Court can only approve or disapprove the entire settlement.

2. RNI officially changed its name to RNI Wind Down Corporation on May 24, 2006.

Court granted the 9019 motion approving the amended settlement on August 23, 2006. Grimes appealed to the District Court.

On September 12, 2006, the Bankruptcy Court entered a Confirmation Order confirming the Debtors' plan of reorganization and liquidation. The Confirmation Order enjoins all ongoing and future actions against the Estate. Accordingly, RNI moved to dismiss the District Court appeal as violative of the Confirmation Order. The District Court denied the motion to dismiss without prejudice on September 22, 2008, and entered an order affirming the Bankruptcy Court's 9019 ruling on March 26, 2009. This timely appeal followed.[3]

## II.

The subject matter jurisdiction of the Bankruptcy Court is contested by the Estate. We find that the bankruptcy court had subject matter jurisdiction pursuant to 28 U.S.C. § 1334 which provides the Bankruptcy Court with jurisdiction over all property of the debtor's estate. The District Court had jurisdiction over the appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1) and Fed. R. Bank. P. 8001. We have jurisdiction under 28 U.S.C. § 158(d)(1) and 28 U.S.C. § 1291.

We exercise plenary review over whether the Confirmation Order bars the Estate from pursuing this appeal, *In re Exide Techs.*, 544 F.3d 196, 205 (3d Cir.2008), whether the Bankruptcy Court had subject matter jurisdiction, *Quattrone Accountants, Inc. v. I.R.S.*, 895 F.2d 921, 924 (3d Cir.1990), and whether the Bankruptcy Court correctly granted the 9019 Motion, *In re Exide Techs.*, 544 F.3d at 205.

## III.

RNI claims that the Confirmation Order entered by the Bankruptcy Court approving its plan of reorganization and liquidation bars the Grimes Estate from bringing this appeal. Because a finding that the appeal is barred would moot all other issues in this appeal, we will consider this issue first.

Paragraph 49 of the Confirmation Order provides in pertinent part:

"On and after the Confirmation Date, except as provided in the Plan or this Confirmation Order, all Persons that have held, currently hold or may hold a Claim, Equity Interest, or other debt or liability that is addressed in the Plan are permanently enjoined from taking any of the following actions on account of any such Claims, Equity Interests, or other debts or liabilities, other than actions brought to enforce any rights or obligations under the Plan: (i) commencing or continuing in any manner any action or other proceedings against the Debtors or the Reorganized Debtors or their respective properties that was or could have been commenced prior to the Effective Date[.]"

(Supp.App.84–85.)

There is no question that Grimes held an equity interest in RNI and that he maintained an action or proceeding at the time the Bankruptcy Court entered its confirmation order. Additionally, the appeal clearly addresses a debt of the bankruptcy estate to the extent it challenges the attorneys' fee disbursement in the Settlement Agreement. "Pursuant to 11

---

**3.** On March 6, 2007, the Estate of Charles L. Grimes filed a Suggestion of Death on Record in the District Court noting the death of plaintiff Charles L. Grimes during the pendency of the action and the substitution, pursuant to Federal Rule of Civil Procedure 25(a)(1), of the Estate as the party in interest.

U.S.C. § 1141(a), all parties are bound by the terms of a confirmed plan of reorganization." *First Union Comm. Corp. v. Nelson, Mullins, Riley, & Scarborough*, 81 F.3d 1310, 1315 (4th Cir.1996) (citing *In re Chattanooga Wholesale Antiques, Inc.*, 930 F.2d 458, 463 (6th Cir.1991)). Therefore, under the plain language of the Confirmation Order, Grimes is enjoined from bringing this appeal.

Grimes argues that the Bankruptcy Court did not intend for the Confirmation Order to bar appellate review of its approval of the 9019 Motion. Grimes' argument runs counter to the plain language of the Confirmation Order, which enjoins both pending and future actions. The Bankruptcy Court's approach is consistent with our jurisprudence respecting the finality of bankruptcy confirmation orders. We have emphasized that:

> "[T]he purpose of bankruptcy law and the provisions for reorganization could not be realized if the discharge of debtors were not complete and absolute; that if courts should relax provisions of the law and facilitate the assertion of old claims against discharged and reorganized debtors, the policy of the law would be defeated; that creditors would not participate in reorganizations if they could not feel that the plan was final; and that it would be unjust and unfair to those who had accepted and acted upon a reorganization plan if the court were thereafter to reopen the plan and change the conditions which constituted the basis of its earlier acceptance."

*In re Penn Central Transp. Co.*, 771 F.2d 762, 767 (3d Cir.1985).

*Penn Central* ensures that a reorganization plan that was the result of a delicate balance between parties of divergent interests either succeeds or fails in full, rather than being dismantled by piecemeal litigation, leaving parties bound by some portions of the Confirmation Order and not others. In light of *Penn Central*, it is perfectly logical that the Bankruptcy Court would intend to enjoin future appellate proceedings regarding the 9019 Order; a reversal of its ruling on an essential term of the Debtors' Plan of Reorganization would undermine the finality of its Confirmation Order.

In a number of cases decided after *Penn Central*, we have held that a Confirmation Order precluded a party from attacking the validity of individual components of the reorganization plan. *See In re PWS Holding Corp.*, 303 F.3d 308, 315 (3d Cir.2002); *In re Szostek*, 886 F.2d 1405, 1413 (3d Cir.1989). As in those cases, the Confirmation Order here by its plain terms bars the Grimes Estate from proceeding with this appeal.

We also disagree with Grimes' position that the Bankruptcy Court lacked the authority to enjoin an appeal of its own order. The Confirmation Order enjoins only collateral appeals. It does not, and cannot, preclude direct appeal of the Confirmation Order as expressly provided for by statute. 28 U.S.C. § 158(a)(1); Fed. R. Bank. P. 8001. Grimes had an avenue of appeal open to him: he could have objected to the Confirmation Order and appealed that Order to the District Court. His failure to do so disposes of this appeal.

Because we agree with RNI that the Confirmation Order bars the Estate from proceeding with this action, we need not consider the merits of the appeal.

## IV.

For the foregoing reasons, the judgment of the District Court will be affirmed.