Lou BROUNSTEIN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 92–1154.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Aug. 20, 1992.

Decided Sept. 3, 1992.

Gerald A. Inglesby, Merchantville, N.J., for appellant.

James A. Bruton, Acting Asst. Atty. Gen., Michael M. Baylson, U.S. Atty., Gary R. Allen, Bruce Ellisen, Sara S. Holderness, Scott P. Towers, U.S. Dept. of Justice, Tax Div., Washington, D.C., for appellee.

Before HUTCHINSON, COWEN and SEITZ, Circuit Judges.

HUTCHINSON, Circuit Judge.

Appellant, Lou Brounstein (Brounstein), appeals an order of the United States District Court for the Eastern District of Pennsylvania granting summary judgment in favor of appellee United States of America on Brounstein's claim for a partial refund of an amount Brounstein paid on an Internal Revenue Service (IRS) penalty assessment and for IRS on its counterclaim for other penalty assessments arising out of similar transactions for other tax periods. Specifically, the district court upheld IRS's assessment of a 100% penalty against Brounstein pursuant to section 6672(a) of the Internal Revenue Code of 1954 on grounds that he was a responsible person who had willfully failed to pay over to the IRS federal employment taxes. We will affirm.

The district court had subject matter jurisdiction over Brounstein's action under 28 U.S.C.A. § 1346(a)(1) (West 1991), and over the IRS's counterclaim pursuant to 28 U.S.C.A. §§ 1345 and 1346(c) (West 1991). This Court exercises appellate jurisdiction pursuant to 28 U.S.C.A. § 1291 (West 1991). Our scope of review is plenary. *Mellon Bank Corp. v. First Union Real Estate Equity and Mortg. Investments*, 951 F.2d 1399, 1404 (3rd Cir.1991).

Kitchen Bath and Supply Outlet, Inc. (KBSO) operated as a retail kitchen and bath outlet from May 1982 until September 1984. It was the successor corporation to Kitchen Dealer Distributors, Inc. (KDDI). Christopher Heyer, a principal of KDDI, also served on the board of directors of KBSO and was primarily responsible for running the business. Brounstein had served as a salesman for KDDI, but was elevated to the positions of president and assistant treasurer of KBSO. When Brounstein signed KBSO's 1982 corporate income tax return on November 11, 1983, he knew that KBSO was losing money and its financial position was precarious.

During his tenure as KBSO president, Brounstein also knew that the corporation was required to withhold income and employment taxes from the wages paid to employees and to pay them over to IRS on

a quarterly basis, together with the employer's share of the employment taxes. In fact, KBSO failed to pay employment taxes for the fourth quarter of 1983 and all four quarters of 1984; and, on August 9, 1984, Brounstein signed IRS Form 433–B entitled "Collection Information Statement for Businesses," certifying to the IRS that KBSO owed $6,063.00 in federal taxes. After that date, Brounstein signed more than three hundred checks to pay employees and creditors other than the IRS.

The IRS responded by assessing a 100% penalty against Brounstein under section 6672(a) in the amount of $21,886.76. Brounstein paid $400.00 toward the assessed penalties and filed this action for refund.[1] The IRS counterclaimed for the unpaid balance of the assessment plus interest accrued. Both parties moved for summary judgment. The district court granted summary judgment for IRS and denied Brounstein's cross-motion, holding that Brounstein had not met his burden of proving that he was not a person responsible for the collection and paying over of KBSO's employment taxes or that he did not act willfully in failing to ensure that KBSO's employment and withholding taxes were paid. We exercise plenary review over the district court's grant of the IRS's motion for summary judgment.

■■■ Section 6672(a) provides that a person responsible for withholding and paying over taxes who willfully fails to do so is liable for a penalty equal to the total amount of the unpaid taxes.[2] A section 6672 assessment against a responsible person is equivalent to the assessment of a

tax. 26 U.S.C.A. § 6671(a) (West 1989); see In re Ribs-R-Us, Inc., 828 F.2d 199, 200 (3d Cir.1987). Once the IRS assesses a tax, a rebuttable presumption arises that the assessment is correct. Psaty v. United States, 442 F.2d 1154, 1160 (3rd Cir.1971). Thus, the IRS's introduction of certified copies of the assessment before the district court shifted to Brounstein the burden of going forward with evidence to show that the assessment against him under section 6672 was incorrect by establishing either (1) that he was not a responsible person within the meaning of the statute, or (2) that he did not willfully fail to pay the amount due to the IRS. Id.; see Quattrone Accountants, Inc. v. IRS, 895 F.2d 921, 927 (3rd Cir.1990).

■■■ A responsible person under section 6672(a) is a person required to collect, truthfully account for or pay over any tax. Quattrone, 895 F.2d at 927 (citing Slodov v. United States, 436 U.S. 238, 98 S.Ct. 1778, 56 L.Ed.2d 251 (1978)). "Responsibility is a matter of status, duty, or authority, not knowledge." Id. While a responsible person must have significant control over the corporation's finances, exclusive control is not necessary. Quattrone, 895 F.2d at 927. In determining whether an individual is a person responsible for paying over a tax, courts also consider (1) contents of the corporate bylaws, (2) ability to sign checks on the company's bank account, (3) signature on the employer's federal quarterly and other tax returns, (4) payment of other creditors in lieu of the United States, (5) identity of officers, directors, and principal stockholders in the firm, (6) identity of

---

1. Section 6672 assessments involve "divisible taxes." See, e.g., Ruth v. United States, 823 F.2d 1091, 1093 (7th Cir.1987). Thus, a taxpayer challenging an assessment under section 6672 may do so by paying a portion of the assessment and then seeking a refund. The IRS then typically brings a counterclaim for the remainder of the assessment. Id.

2. This section provides in pertinent part:
§ 6672. Failure to Collect and Pay Over Tax, Attempt to Evade or Defeat Tax.
(a) General Rule. Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C.A. § 6672 (West Supp.1989); see 26 U.S.C.A. §§ 3102(a), 3402(a)(1) (West 1989) (requiring employers to withhold federal social security and income taxes from employees' wages); 26 U.S.C.A. § 7501(a) (West 1967) (withheld taxes constitute special fund held in trust for United States); 26 U.S.C.A. § 6671(b) (West 1991) (defining "person" as officer or employee of corporation under duty to perform act in respect to which violation occurs).

individuals in charge of hiring and discharging employees, and (7) identity of individuals in charge of the firm's financial affairs. *Datlof v. United States,* 252 F.Supp. 11, 32–33 (E.D.Pa.), *aff'd,* 370 F.2d 655 (3rd Cir.1966), *cert. denied,* 387 U.S. 906, 87 S.Ct. 1688, 18 L.Ed.2d 624 (1967).

 The undisputed evidence in this record establishes that Brounstein was the appointed president and assistant treasurer of KBSO. The corporate bylaws gave him, as president, the authority to exercise managerial control over KBSO.[3] He was an authorized signatory on KBSO's checking account ·and signed the majority of the corporation's checks, including payroll checks and checks for other creditors. *See Quattrone,* 895 F.2d at 927 (person who has final or significant word over which bills or creditors get paid has "significant control"). Brounstein exercised his authority to issue checks for deliveries to KBSO without Heyer's approval. He signed KBSO's subchapter S election form, stock certificates, income tax returns, quarterly federal withholding tax returns, and IRS Form 433–B. Faced with this undisputed evidence, the district court concluded that Brounstein was a responsible person under section 6672(a) and that he acted willfully.

 On appeal, Brounstein first argues that the district court erred in holding he was a responsible person within the meaning of section 6672(a) because the record contains evidence that he served only as a nominal president whose signature constituted a mere "rubber stamp" for Heyer's decisions. Brounstein contends he was not involved or consulted in the financial management or corporate operations of KBSO. Rather, Heyer acted· as the primary decision-maker and manager of KBSO's daily operations. For example, Heyer opened all mail, received all funds, handled all deposits and· disbursements, and made all hiring and firing decisions. Brounstein points to evidence showing that, although he, Brounstein, signed virtually all checks issued by KBSO, Heyer kept the checks in Heyer's desk drawer; and, with the exception of some C.O.D. deliveries, directed Brounstein when to sign checks on behalf of the corporation. In addition, Brounstein relies on evidence that he attended only four or five out of approximately fifteen meetings of KBSO's officers and board of directors and those four or five pertained only to production.

Instructions from a superior not to pay taxes do not, however, take a person otherwise responsible under section 6672(a) out of that category. *See Howard v. United States,* 711 F.2d 729, 734 (5th Cir.1983); *accord Gephart v. United States,* 818 F.2d 469, 474–75 (6th Cir.1987); *Roth v. United States,* 779 F.2d 1567, 1571–72 (11th Cir. 1986). Any direction from Heyer not to pay the taxes did not relieve Brounstein of his duty to ensure that the taxes were paid. More than one individual may be a responsible person within a given entity under section 6672(a). *Quattrone,* 895 F.2d at 926. Each responsible person is jointly and severally liable for the total amount of withholding not paid. *Id.*[4] Brounstein was therefore a responsible person within the meaning of the statute.

Alternately, Brounstein argues that even if he was a responsible person he did not willfully fail to account for and pay over the withholding taxes because he acted at the direction of Heyer and therefore was not at "personal fault." Appellant's Brief, at 21. Under section 6672(a), willfulness is

---

**3.** KBSO's bylaws provided, in pertinent part, that:

The President shall be the chief executive officer of the corporation; he shall preside at all meetings of the shareholders and directors; he shall have general and active management of the business of the corporation, shall see that all orders· and resolutions of the Board are carried into effect, subject, however, to the right of the directors to delegate any specific powers, except such as may be by statute exclusively conferred on the President, to any other officer or officers of the corporation.

He shall execute bonds, mortgages, and other contracts requiring a seal, under the seal of the corporation. He shall be EX–OFFICIO a member of all committees, and shall have. the general powers and duties of supervision and management usually vested in the office of the President of a corporation. Appellant's Appendix at 158.

**4.** Any rights Brounstein may have to contribution or indemnity are not before this Court. *See Harrington v. United States,* 504 F.2d 1306, 1314 (1st Cir.1974).

"a voluntary, conscious and intentional decision to prefer other creditors over the Government." *Quattrone,* 895 F.2d at 928. A responsible person acts willfully when he pays other creditors in preference to the IRS knowing that taxes are due, or with reckless disregard for whether taxes have been paid. *Id.* The undisputed evidence in this case shows Brounstein knew that taxes were due when he signed the quarterly employment tax returns in question. He also knew that the taxes had not been paid or, at the very least, he acted in reckless disregard of whether they had been paid when he signed KBSO's checks to approximately three hundred other creditors without signing any for the employment taxes due IRS. The district court did not err in holding that Brounstein intentionally and consciously failed to pay over to the IRS the withholding and employment taxes due from KBSO for the fourth quarter of 1983 and all four quarters of 1984.

Brounstein, nevertheless, argues that he did not act willfully in failing to pay the taxes because his act was not voluntary, referring to evidence tending to show that he signed checks only at Heyer's direction and otherwise lacked access to the checkbook. He asks us to ignore evidence that he did have access to the checkbook—when, at his own discretion, he signed checks for deliveries to KBSO—because other evidence tends to show that he had been made aware that he would lose his job if he signed checks to IRS without express authority from Heyer.[5]

We agree with those courts of appeals that have considered and rejected the argument that an otherwise responsible person does not act willfully in failing to pay taxes simply because he does so at the direction of a superior. *E.g., Gephart,* 818 F.2d at 475; *Roth,* 779 F.2d at 1572; *Howard,* 711 F.2d at 735–36. Once Brounstein became a responsible person within the meaning of section 6672(a), he became obligated by statute to pay the taxes to the IRS. He was under no similar obligation to obey instructions from Heyer not to do so. *See Roth,* 779 F.2d at 1572 (no instruction by

superior could effectively bar otherwise responsible officer from paying taxes in accordance with the law). Therefore, Brounstein's argument on willfulness is unavailing.

The fact that Brounstein perhaps would have been fired if he contravened instructions from Heyer and paid the taxes does not make his actions involuntary and thus relieve him of liability for KBSO's tax delinquencies. *See Howard,* 711 F.2d at 734 (commenting that, had responsible person been fired for paying taxes, he would "at least have fulfilled his legal obligations"). A corporate officer who fails to pay over to the government withheld taxes when there are funds to do so is not entitled to prefer his own interest in continued employment over that of the government, the beneficiary of a trust created by operation of law when taxes are withheld.

In sum, the district court did not err in finding that Brounstein (1) was a responsible person within the meaning of section 6672(a), and (2) willfully failed to pay over to the IRS the federal employment taxes due. The judgment of the district court granting summary judgment for the IRS will be affirmed.

---

5. This argument is sometimes referred to as the Nuremburg defense on analogy to the defense presented by high officials of Nazi Germany who argued that their part in any German war crimes should be excused because they acted under orders or were compelled to participate.