145 F.3d 1340
 81 A.F.T.R.2d 98-2354, 98-2 USTC P 50,495
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David T. RUGGIERI, Plaintiff-Appellant,
v.
UNITED STATES OF AMERICA, Defendant-Appellee.
 No. 97-16089.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 15, 1998.**
June 1, 1998.
 
 Appeal from the United States District Court for the Northern District of California.
 Before: LAY,*** KOZINSKI, and T.G. NELSON, Circuit Judges.
 MEMORANDUM*
 JENSEN, J., Presiding.
 
 I. Responsible Person
 
 1
 It is undisputed that during the relevant time period plaintiff (1) was president of the company; (2) owned 50% of the company's stock; (3) was the sole owner of Western Education and Training Systems, Inc., which held the other 50% of the stock; and (4) had the authority to sign checks on the company's behalf. Plaintiff also had a significant role in the decisions as to which creditors would be paid and in what order. Thus, the district court properly concluded that plaintiff had sufficient control over the company's finances to render him a "responsible person" as contemplated by 26 U.S.C. § 6672(a). See Purcell v. United States, 1 F.3d 932, 937 (9th Cir.1993) ("That an individual's day-to-day function in a given enterprise is unconnected to financial decision making or tax matters is irrelevant where that individual has the authority to pay or to order the payment of delinquent taxes.").
 
 
 2
 Even if, in anticipation of a possible transfer in ownership, plaintiff delegated some of the company's financial responsibilities to Feher, the delegation did not relieve him of his "responsible person" status. See, e.g., id. at 937 (pointing out that delegation does not relieve one of responsibility under § 6672(a)); Brounstein v. United States, 979 F.2d 952, 955 (3d. Cir.1992) ("Instructions from a superior not to pay taxes do[es] not ... take a person otherwise responsible under section 6672(a) out of that category.").
 
 
 3
 The existence of the "letter of intent" does not alter our conclusion. Feher did not obtain exclusive control of the company until a later Buy and Sell Agreement was executed on November 16, 1988. Thus, the letter did nothing to alter plaintiff's "responsible person" status.
 
 II. Willfulness
 
 4
 Plaintiff had the authority to sign checks and admits that he knew the taxes needed to be paid. He also admits he was aware that the company was paying other creditors instead. Thus, he acted "willfully" within the meaning of § 6672(a).
 
 CONCLUSION
 
 5
 Plaintiff was a "responsible person" who acted "willfully" in failing to pay the taxes. The district court properly granted summary judgment in favor of the defendant. Accordingly, its judgment is AFFIRMED.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3