Ethel R. UPDEGRAFF, Plaintiff,

v.

UNITED STATES of America, Defendant/Third–Party Plaintiff,

v.

George S. Updegraff, Third–Party Defendant.

No. 1:CV–97–1836.

United States District Court, M.D. Pennsylvania.

April 5, 1999.

---

Lowell R. Gates, Gates & Associates, P.C., Craig A. Hatch, Gates and Associates, P.C., Lemoyne, PA, for Ethel R. Updegraff, plaintiffs.

Lorna N. Graham, U.S. Attorney's Office, Scranton, PA, Angelo A. Frattarelli, U.S. Dept. of Justice, Washington, DC, for United States of America, defendants.

## MEMORANDUM

RAMBO, Chief Judge.

Before the court is a motion for summary judgment filed by Defendant/Third–Party Plaintiff United States of America against Third–Party Defendant George S. Updegraff. The issues have been briefed, and the matter is ripe for disposition.

### I. *Background*

The instant case arises from tax assessments made by Defendant/Third–Party Plaintiff United States ("the Government") against Plaintiff Ethel R. Updegraff ("Plaintiff") and Third Party Defendant George S. Updegraff ("Updegraff") pursuant to 26 U.S.C. § 6672. Plaintiff filed a complaint against the Government for a refund of taxes which she alleged were erroneously or illegally assessed and collected against her. The Government then counter-claimed against Plaintiff and filed a third-party complaint against Updegraff.

The following facts are undisputed, except where noted: On September 16, 1994, Updegraff filed Articles of Incorporation ("Articles") to incorporate his business, Updegraff Trucking, Inc. (the "Business") under the laws of the Commonwealth of Pennsylvania.[1] Prior to incorporating the

1. On the Articles, Plaintiff is listed as President of the Business and Updegraff is listed as Treasurer. Updegraff alleges that there is no evidence that he or Plaintiff actually served as corporate officers and that beyond filing the Articles, Updegraff took no steps to act as a

Business, Updegraff operated his trucking business as a sole proprietorship. Despite the incorporation of the Business, Updegraff continued to operate the Business as a sole proprietorship. Updegraff used his personal account to pay the Business's bills, and Updegraff made all the decisions regarding payment of the Business's creditors.

Beginning with the first quarter of 1995, Updegraff began to experience problems meeting his payroll tax obligations for the Business. During this quarter, Updegraff knew he was not paying his employment taxes. Updegraff's problems meeting the payroll tax obligations worsened in the second quarter of 1995. On August 3, 1995, Updegraff signed and submitted a quarterly employment tax return, Internal Revenue Service ("IRS") Form 941, for the first and second quarters of 1995, indicating that no federal tax deposits were made during those quarters. During the third quarter of 1995, at Updegraff's direction, Plaintiff made tax payments for the Business. After October 13, 1995, however, no federal tax deposits were credited to the Business or to Updegraff.[2]

On January 19, 1996, Updegraff filed a petition for bankruptcy on behalf of the Business. Thereafter, Updegraff sought personal bankruptcy protection.[3] Updegraff sought bankruptcy protection for himself and the Business due to the assessment issued by the IRS against him and the Business for the alleged failure to pay taxes. In his personal bankruptcy proceeding, Updegraff admitted his failure to pay employment taxes on behalf of several of his employees.

On July 11, 1996,[4] a delegate of the Secretary of the Treasury assessed against Updegraff a 100–percent penalty, pursuant to 26 U.S.C. § 6672, totaling $95,344.29 ("the Assessment") for the tax periods ending March 31, 1995, June 30, 1995 and December 31, 1995. The Assessment represents taxes that were withheld from the wages of employees of the Business during these periods but were not paid to the

---

corporation. (Updegraff's Resp. to Govt.'s Stmt. of Undisputed Mat. Facts (hereinafter "Updegraff's Resp.") ¶ 3.)

The Government correctly indicates in its reply brief that "most of the facts [contained in the Government's statement of undisputed material facts] with which Updegraff takes issue concern the corporate status, or lack thereof, of [the Business]." (Govt.'s Reply Br. at 3.) Specifically, the Government characterizes the Business as a corporation, while Updegraff denies any such characterization. However, the court finds that the corporate status of the Business is not relevant to Updegraff's liability under 26 U.S.C. § 6672—particularly in light of the fact that Updegraff *does not dispute that he is a "responsible person"* within the meaning of § 6672. *See In re Fernandez v. United States*, 130 B.R. 757, 763 (W.D.Mich.1991).

Accordingly, to the extent that Updegraff disputes facts contained in the Government's statement of undisputed material facts on the basis of the Government's characterization of the Business as a corporation, the court deems such disputes immaterial for purposes of the instant motion. Therefore, pursuant to Local Rule 56.1, the court will deem the facts in the Government's statement of undisputed material facts uncontroverted where Updegraff's only dispute relates to the characterization of the corporate status of the Business.

**2.** While Updegraff admits that no deposits were actually credited to his account, he "denies that no payments were made for alleged taxes owed." (Updegraff's Resp. ¶ 12.)

**3.** *The record is not clear as to exactly when* Updegraff sought personal bankruptcy protection. However, the precise date does not appear to be material to the instant motion.

**4.** In his answer to the Government's third-party complaint, Updegraff stated that he was "without knowledge or information sufficient to form a belief as to the truth or falsehood of the date of the assessment." (Updegraff Ans. ¶ 5.) However, in his response to the Government's assertion that the Assessment was filed on July 11, 1996 in its statement of undisputed material facts, Updegraff's denial only objects to the Government's characterization of the Business as a corporation. Thus, for the reasons stated in footnote 1, *supra,* the court deems the Government's assertion as undisputed pursuant to Local Rule 56.1. Moreover, the certified copy of the Assessment submitted by the Government indicates that it

IRS. According to the Government, Updegraff owes $94,740.95 plus interest for past due payroll taxes. (Govt.'s Stmt. of Undisp. Mat. Facts (hereinafter "Govt.'s Stmt.") ¶ 16.) Updegraff denies this assertion, alleging that he made payments to the IRS that were not credited to his payroll tax liability. (Updegraff Resp. ¶ 16.)

On December 2, 1997, Plaintiff filed a complaint against the Government pursuant to 28 U.S.C. § 1346(a)(1) for a refund of taxes erroneously or illegally assessed and collected against her. (Doc. 1.) On March 3, 1998, the Government filed an answer and counterclaim, (Doc. 8), as well as a third-party complaint against Updegraff. (Doc. 7.) The Government filed the instant motion for summary judgment on August 14, 1998.[5]

## II. *Legal Standard: Summary Judgment*

Federal Rule of Civil Procedure 56 provides that summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis which would allow a reasonable fact-finder to return a verdict for the non-moving party. *See id.* at 249, 106 S.Ct. 2505. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. *See White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir.1988).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in his pleadings; instead, he must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, and designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (internal quotations omitted); *see* Fed. Rule Civ. P. 56(e). "[T]he nonmoving party cannot rely upon conclusory allegations in [his] pleadings or memoranda and briefs to establish a genuine issue of material fact." *Pastore v. Bell Telephone Co. of Pa.*, 24 F.3d 508, 511 (3d Cir.1994). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden at trial." *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. 2548.

## III. *Discussion*

■ Under the Internal Revenue Code, employers are required to withhold from the wages of their employees income and social security taxes and to hold such taxes in trust for the United States. *See* 26 U.S.C. §§ 3102, 3402, 7501; *Greenberg v. United States*, 46 F.3d 239, 242 (3d Cir. 1994). Employers who fail to collect or turn over such funds to the United States are liable for a penalty (the "100–percent penalty") in the amount of the funds that should have been withheld and paid to the United States. *See* 26 U.S.C. § 6672; *Greenberg*, 46 F.3d at 242. An assessment of a 100–percent penalty under § 6672 is equivalent to the assessment of a tax. *See Brounstein v. United States*, 979 F.2d 952,

---

was filed on July 11, 1996. (Govt.'s Docs. in Supp., Ex. 2.)

5. On August 17, 1998, Plaintiff filed motion for summary judgment against the Government. (Doc. 22.) However, pursuant to a stipulation of dismissal between Plaintiff and the Government, on November 9, 1998, the court issued an order terminating Plaintiff's complaint against the Government pursuant

954 (3d Cir.1992). The Third Circuit has further held that:

> [o]nce the IRS assesses a tax, a rebuttable presumption arises that the assessment is correct. *Psaty v. United States*, 442 F.2d 1154, 1160 (3d Cir.1971). Thus, the IRS's introduction of certified copies of the assessment before the district court shift[s] to [the taxpayer] the burden of going forward with evidence to show that the assessment against him under section 6672 was incorrect by establishing either: (1) that he was not a responsible person within the meaning of the statute; or (2) that he did not willfully fail to pay the amount due to the IRS. *Quattrone Accountants, Inc. v. IRS*, 895 F.2d 921, 927 (3d Cir.1990).

*Brounstein*, 979 F.2d at 954.

In the instant case, it is undisputed that the IRS made an assessment against Updegraff pursuant to § 6672, and the Government has submitted a certified copy of the Assessment. (Govt.'s Ex. 2.) In support of its motion for summary judgment, the Government argues that there is no material dispute of fact regarding: (1) Updegraff's status as a "responsible person;" and (2) Updegraff's "willfulness" in failing to pay the payroll taxes assessed to the Business for the first, second and fourth quarters of 1995. Updegraff does not dispute that he is a "responsible person" within the meaning of § 6672. (Updegraff's Br. in Opp. at 7.) Rather, Updegraff argues that material issues of fact exist as to whether he willfully failed to pay the taxes he allegedly owed.

to Federal Rule of Civil Procedure 41(a). (Doc. 33.)

6. At his deposition, Updegraff testified as follows:
   Q: I believe that you will agree that you were not paying your employment taxes in the first quarter of 1995?
   A: No, sir.
   Q: And did that problem persist into the second quarter of 1995?
   A: It got worse.

7. Updegraff further testified as follows:

The Government may impose § 6672 liability only if a responsible person "willfully" fails to collect, account for or pay the withheld taxes. *See* 26 U.S.C. § 6672(a). The Third Circuit has held that "[i]n order for failure to turn over withholding taxes to be willful, a responsible person need only know that the taxes are due or act in reckless disregard of this fact when he fails to remit to the IRS." *Greenberg*, 46 F.3d at 244. "Under section 6672(a), willfulness is 'a voluntary, conscious and intentional decision to prefer other creditors over the Government.' A responsible person acts willfully when he pays other creditors in preference to the IRS knowing that taxes are due." *Brounstein*, 979 F.2d at 955–56 (quoting *Quattrone*, 895 F.2d at 928.)

In the instant case, it is undisputed that Updegraff signed and submitted to the IRS quarterly employment tax returns for the first and second quarters of 1995, indicating that no federal tax deposits were made during those quarters. (Updegraff's Resp. ¶ 9; Govt.'s Docs. in Supp., Ex. 1, Dep. Ex. 8.) Moreover, Updegraff testified at his deposition that he was aware that he was not meeting his payroll tax obligations during those quarters, (Updegraff's Docs. in Opp., Updegraff Dep. at 83–84,) [6] and that he does not dispute the assessment of the 100–percent penalty against him. (*Id.*, Updegraff Dep. at 102.) [7] Updegraff further testified that he instructed Plaintiff to pay bills on behalf of the Business in 1995, even after he was aware that he was having problems paying his employment taxes. (*Id.*, Updegraff Dep. at 111, 75–76.)

Q: And as we sit here today, do you dispute the assessment that is at issue in this particular proceeding, the [one] hundred percent penalty that's been made against you?
A: No, sir. I understand I owe the money. I've never argued that.
Q: So you'd be willing to enter into a judgment for whatever money that's due?
A: Yes. And I've continued to pay the tax. I've never argued that.
(Updegraff's Docs. in Opp., Updegraff Dep. at 102.)

Nevertheless, Updegraff contends that his failure to pay the taxes was not willful for purposes of § 6672 because he "made payments as required by [IRS] Agents for his alleged past due taxes." (Updegraff's Br. in Opp. at 8.) Updegraff does not, however, provide any legal support for this proposition.[8] As the court stated *supra*, Updegraff need only have known that the taxes were due, or acted in reckless disregard of this fact when he failed to remit to the IRS, in order for his failure to be willful under § 6672. *See Greenberg*, 46 F.3d at 244. The record in the instant case shows that Updegraff knew that the payroll taxes were due. Thus, to the extent that Updegraff failed to pay over the amount he owes on his payroll taxes for the first, second and fourth quarters of 1995, his failure was willful under § 6672.

In his brief, Updegraff also asserts that the determination of whether the payments he allegedly made at the request of IRS agents were properly applied to his unpaid payroll taxes is the Government's burden. Updegraff further argues that "if the payments were made and applied to [Updegraff's payroll tax liability], the [Government], through this judgment, could receive two satisfactions of payroll tax liability when it is only entitle[d] to one." (Updegraff's Br. in Opp. at 8.) Indeed, "the Government is entitled . . only to one satisfaction of payroll tax liability." *Gens v. United States*, 222 Ct.Cl. 407, 615 F.2d 1335, 1339 (1980); *see also Bradley v. United States*, 936 F.2d 707, 711 (2d Cir.1991). However, as the court noted *supra*, to avoid liability under § 6672, Updegraff must rebut the presumption that the Assessment is correct, and, upon examination of the record, the court finds that Updegraff has failed to do

so. *See Brounstein*, 979 F.2d at 954. Beyond these conclusory assertions in his brief, Updegraff has offered no evidence which demonstrates that the Assessment incorrectly reflects the amount of Updegraff's unpaid payroll tax obligation. While Updegraff testified at his deposition that he made payments at the direction of IRS agents, (Updegraff's Docs. in Opp., Updegraff Dep. at 85–86, 89–90, 93–95; *id.*, Deposition Ex. 10), nothing in the record indicates that such payments were not properly accounted for by the IRS and thus reflected in the amount of the Assessment. In the absence of such evidence, the court is obliged to presume that the Assessment is correct. *See Brounstein*, 979 F.2d at 954 (citing *Psaty*, 442 F.2d at 1160).

Therefore, the court concludes that Updegraff has failed to adduce evidence from which a fact finder could determine that his failure to satisfy his past due payroll taxes was not willful or that the Government's Assessment is incorrect. Accordingly, the court will grant the Government's motion for summary judgment as to Updegraff's liability for the Assessment.

In its complaint and in its statement of undisputed material facts, the Government also contends that it is entitled to interest on the Assessment "according to law." (Govt.'s Compl. ¶ 8; Govt.'s Stmt. ¶ 16.) The Government's brief and reply brief in support of the instant motion, however, are silent on the issue of interest. Accordingly the court will order the Government to file a supplemental brief demonstrating its entitlement to interest and the computation thereof. The court will defer its final decision on the instant motion pending consideration of briefs on the issue of interest.

---

8. Updegraff's reliance on the case of *Knudsen v. United States*, 966 F.2d 733 (2d Cir.1992), is misplaced. In *Knudsen*, the Second Circuit Court of Appeals vacated a judgment by the district court on the basis that the lower court erroneously barred evidence which the taxpayer wished to introduce in order to demonstrate that his nonpayment of taxes was not willful under § 6672. *Id.* at 738.

Specifically, the district court prevented testimony indicating that a third-party intercepted the taxpayer's payment into a federal depository account of taxes, preventing the taxpayer's payment from reaching the IRS. *Id.* The court of appeals did not, however, address whether such evidence negated a finding of willfulness under § 6672, but rather, remanded the case for a new trial. *Id.*

## IV. *Conclusion*

In accordance with the foregoing discussion, the court will order the Government to file a supplemental brief addressing its entitlement to and the calculation of interest on the Assessment. Accordingly, the court will defer its decision of the Government's motion pending consideration of the supplemental briefs. An appropriate order will issue.

## ORDER

On April 5, 1999 the court issued a memorandum addressing the motion for summary judgment filed by Defendant/Third–Party Plaintiff the United States of America ("Government"). The court determined that the Government's motion for summary judgment would be granted as to Third–Party Defendant George S. Updegraff's liability, but deferred entry of judgment pending further submissions by the parties on the issue of the amount of interest to which the Government is entitled.

On April 19, 1999, the Government filed a supplemental brief in which it asserts that pursuant to 26 U.S.C. §§ 6601(a) and (e)(2)(A), it is entitled to interest in the amount of $23,878.90 and, accordingly, a total judgment of $93,083.63. On April 27, 1999, Updegraff indicated his desire to waive his right to file a supplemental brief and to waive any challenge to the interest as accrued and described in the Government's supplemental brief.

Accordingly, **IT IS HEREBY ORDERED THAT:**

(1) The Government's motion for summary judgment is **GRANTED.**

(2) The Clerk of Court is directed to enter judgment in the amount of $93,-083.63 in favor of Defendant/Third–Party Plaintiff the United States of America and against Third–Party Defendant George S. Updegraff.

(3) Upon entry of judgment, the Clerk of Court shall close the file.