**In re E. Harry LARTZ, Debtor.**

**United States of America, Appellant,**

**v.**

**E. Harry Lartz, Appellee.**

**No. CIV.1:CV–03–0650.**

United States District Court,
M.D. Pennsylvania.

Sept. 4, 2003.

Beatrice Saiz, Tax Division, Washington, DC, D. Brian Simpson, U.S. Attorney's Office, Harrisburg, PA, for Appellant.

Robert D. Glessner, York, PA, for Appellee.

## MEMORANDUM

CALDWELL, District Judge.

### I. *Introduction*

We are considering the government's appeal of the bankruptcy court's decision that E. Harry Lartz is not a "responsible person" under 26 U.S.C. § 6672 liable for unpaid trust fund taxes of the Dutch Club of York (DCY or the club).

For the reasons set forth below, we will affirm the decision of the bankruptcy court.

### II. *Background*

The DCY was a non-profit social club in York, Pennsylvania, which employed several full-time staff members to manage its affairs. The employees included a general manager, a bookkeeper/secretary and a catering manager. In 1989, the DCY moved its headquarters to a more modern facility, but was unable to pay its new rent. In January 1990, Mr. Lartz became the president of the DCY. During Debtor's tenure as president, the DCY experienced severe cash flow problems due to the club's relocation and a decrease in membership. The club's financial problems resulted in numerous creditors seeking payment on a daily basis.

On March 7, 1990, at a specially scheduled board of directors meeting, a consultant informed the board of the club's failure to pay payroll taxes to the Internal Revenue Service (IRS).[1] On March 15,

---

1. Employers are obligated to withhold federal income and social security taxes from the wages of their employees, and to hold such taxes in trust for the United States. *See* 26 U.S.C. §§ 3102, 3402, 7501. These withheld sums, often referred to as "trust fund" taxes, must be paid over to the government on a quarterly basis. The government is required to credit employees for the taxes withheld for their wages regardless of whether they are actually paid by the employer. *See In re Ribs–R–Us, Inc.,* 828 F.2d 199, 200 (3d Cir. 1987) (citation omitted). 26 U.S.C. § 6672 enables the government to seek payment of

1990, due to the club's failure to pay its taxes, Debtor formally tendered his resignation as president. The board refused to accept his resignation, and so he agreed to continue to function under the title of "acting president." Due to its financial difficulties, the DCY filed a Chapter 11 Bankruptcy Petition in June 1990.

On April 26, 2000, Lartz filed a Chapter 13 Bankruptcy Petition. In June 2000, the IRS filed a proof of claim in the amount of $55,264.95, consisting of a secured claim for a trust fund recovery assessed against Debtor. In September 2000, the IRS amended this amount to $49,077.85. The Debtor objected to the secured claim, arguing that he did not owe the trust fund assessment because he was not personally responsible for paying those taxes. Following a hearing the bankruptcy court disallowed the IRS claim because the Debtor was neither responsible nor willful as required by 26 U.S.C. § 6672.[2] The government's appeal followed.

### III. Standard of Review

■ We have jurisdiction to hear an appeal from the bankruptcy court pursuant to 28 U.S.C. § 158(a). Reviewing the issues on appeal, the court applies a clearly erroneous standard to the bankruptcy court's findings of fact and a plenary standard to its legal conclusions. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, we accept the bankruptcy court's finding of "historical or narrative facts unless clearly erroneous, but exercise 'plenary review of the trial court's choice and interpretation of legal precepts and its ap-

plication of those precepts to the historical facts.'" *Mellon Bank, N.A. v. Metro Communications, Inc.*, 945 F.2d 635, 642 (3d Cir.1991) (citing *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 101–02 (3d Cir.1981)).

### IV. Discussion

■ The government claims that the bankruptcy court incorrectly applied section 6672 in its determination that the Debtor was neither a responsible person of the DCY nor that he willfully failed to pay over the trust fund taxes. As the bankruptcy court stated, to avoid section 6672 liability, the taxpayer has the burden of proving by a preponderance of the evidence that: (1) he is not a responsible person within the meaning of the statute; or (2) that he did not willfully fail to remit the trust fund taxes. *Brounstein v. United States*, 979 F.2d 952, 954 (3d Cir.1992). The burden of the taxpayer is not altered because the issue arises in the context of a bankruptcy proceeding. *Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000).

### A. Responsible Person

■ For the purposes of section 6672(a), a responsible person is one who is required to collect, truthfully account for or pay over any tax due to the United States. *Greenberg v. United States*, 46 F.3d 239, 242–43 (3d Cir.1994) (citations omitted). Responsibility is a matter of status, duty, or authority, not knowledge. While a responsible person must have significant control over the corporation's finances, exclusive control is not necessary.

---

unpaid trust fund taxes from officers and employees of employers who are responsible for nonpayment. *Greenberg v. United States*, 46 F.3d 239, 244 (3d Cir.1994).

**2.** Judge Woodside presided at the trial but passed away before rendering an opinion. The case was assigned first to Judge Thomas, and then to Judge France, who entered the memorandum and order which are the subject of the government's appeal.

*Id.* at 243 citing *Brounstein,* 979 F.2d at 954. In *Greenberg,* the court considered the following factors in determining whether an individual is a person responsible for paying over withholding taxes: (1) content of the corporate bylaws, (2) ability to sign checks on the company's bank account, (3) signature on the employer's federal quarterly and other tax returns, (4) payment of other creditors in lieu of the United States, (5) identity of officers, directors and principal stockholders in the firm, (6) identity of individuals in charge of hiring and discharging employees, and (7) identity of individuals in charge of the firm's financial affairs. *Id.*

"It is not necessary that an individual have the final word on which creditors should be paid in order to be subject to liability under section 6672; a person may be treated as 'responsible' for purposes of the statute if he has significant control over the disbursement of corporate funds." *Id.,* citing *United States v. Vespe,* 868 F.2d 1328, 1332 (3d Cir.1989). The question of control over the employer's finances is answered in light of the totality of the circumstances; no single factor, or the absence thereof, is determinative. *Fiataruolo v. United States,* 8 F.3d 930, 939 (2d Cir.1993).

Here, the bankruptcy court applied the *Greenberg* factors and concluded that Debtor's degree of responsibility over payment of bills and taxes was very limited. The court acknowledged that "on paper" Debtor may have been a responsible person, but considering the totality of the circumstances, he was not responsible. We agree.

The club's bylaws do not allow the president to determine which bills should be paid. They only specify that the board of managers is responsible for the proper conduct of all business of the club. The bylaws expressly permit the president to co-sign checks with the treasurer but do not grant the president sole authority. Additionally, the club's payroll checks were issued by ADP Incorporated, an independent contractor, who used a facsimile signature of Debtor's predecessor on the checks.

As the bankruptcy court found, Debtor was only one of several officers, employees and members of the club who sometimes authorized the payment of creditors and the hiring and firing of employees. The evidence does not reveal that Debtor decided to pay the club's other creditors in lieu of the United States. Also, there is no evidence that Debtor signed the club's tax forms. Although Debtor did sign the club's bankruptcy petition, he did so after learning of its failure to pay the trust fund taxes.

Considering the Debtor's limited duties and involvements with the DCY while its president, we conclude that he was not a responsible person under section 6672.

B. *Willfulness*

To be held liable under section 6672, the decision to prefer other creditors must be willful. "A responsible person acts willfully when he pays other creditor in preference to the IRS knowing that the taxes are due, or with reckless disregard for whether taxes have been paid." *Greenberg,* 46 F.3d at 244. Reckless disregard "included failure to investigate or correct mismanagement after being notified that withholding taxes have not been paid." *Id.* Any payment to other creditors, including the payment of net wages to employees, with knowledge that he employment taxes are due and owing to the government, constitutes a willful failure to pay taxes. *Id.*

Here, Debtor was informed on March 7, 1990, that the trust fund taxes

were not being paid. Upon learning this, Debtor resigned as president but continued to serve the club in a less formal role. The government argues that Debtor knew of the unpaid liability and allowed other creditors to be paid instead. The bankruptcy court noted that the government did not produce checks signed by Debtor after March 7, 1990. The court concluded that in light of the many people making decisions about who was paid and the lack of evidence indicating other creditors were paid, that Debtor himself did not authorize any payments to other creditors after March 7, 1990. We agree that Debtor did not willfully make payments to favor other creditors.

## C. Credibility Determinations

The government argues that the bankruptcy court erred in making credibility determinations because it did not hear the testimony of the witnesses. *See* Note 2 *supra*. The parties were notified of Judge Woodside's death and given the option to have a rehearing or have the matter decided on a review of the existing record. The parties agreed to forego a rehearing. The government cites the court's statement that it was "believable that Debtor himself did not authorize any payment to any creditors after March 7, 1990." And, the court's finding "it credible that Debtor contacted ADP to instruct it to ensure that the taxes were paid." The government relies on the principle that the factfinder who is given the opportunity to observe witnesses as they testify is in a better position to make credibility determinations than the factfinder who is restricted to a written record of the same testimony. *See In re Schoenfield*, 608 F.2d 930, 933–35 (2d Cir.1979)(discussing the review of the record by a bankruptcy judge to whom the matter was referred following the expiration of another bankruptcy judge's term).

We agree that the bankruptcy court was not in a position to judge Debtor's credibility. However, the parties agreed not to have a rehearing. Additionally, the bankruptcy court found that Debtor's statements were supported by the fact that the IRS did not produce checks signed by Debtor after March 7, 1990. Thus, the bankruptcy court's conclusion that Debtor is not liable under section 6672 is supported by evidence other than Debtor's testimony.

## V. Conclusion

Based on the foregoing we will issue an order affirming the decision of the bankruptcy court that Debtor is not liable for the DCY's trust fund tax liability under 26 U.S.C. § 6672.

### ORDER

AND NOW, this 4th day of September 2003, upon consideration of the government's appeal of the bankruptcy court's decision rendered on March 10, 2003, it is Ordered that the decision of the bankruptcy court is affirmed.

The Clerk of Court is directed to close this file.