NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 17-2443

UNITED STATES OF AMERICA

v.

DARREN COMMANDER; KENNETH SKERIANZ

Darren Commander
                            Appellant

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J.  No.: 3-13-cv-01092)
District Judge:  Honorable Anne E. Thompson

Submitted under Third Circuit L.A.R. 34.1(a)
on April 20, 2018

(Opinion filed: May 25, 2018)

Before:  GREENAWAY, JR., RENDELL, and FUENTES, Circuit Judges

O P I N I O N*

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

RENDELL, Circuit Judge

The IRS assessed trust fund recovery penalties against the two owners of Darken LLC, a New Jersey woodwork fabrication company that did not fully pay its payroll taxes from 2007 to 2009. One of the owners, Darren Commander, now appeals the District Court's grant of summary judgment in favor of the Government, denying his claims that he was not responsible for paying the taxes and that his failure to pay them was not willful. Because Commander did not raise a genuine dispute of material fact as to either issue, we will affirm.

## I. BACKGROUND

*A. Facts*

Defendant-Appellant Darren Commander, along with his now-deceased business partner Kenneth Skerianz, formed two New Jersey LLCs—Darken Architectural Woodwork Installation and Metropolitan Architectural Woodwork—to fabricate and install architectural woodwork. This appeal concerns Darken's payroll tax delinquency. Commander and Skerianz were each fifty-percent owners of Darken, and the company's only officers. The operating agreement gave them joint managerial control of the company and prohibited either one from engaging in major financial transactions without the other's approval. Commander's title was "managing member." A. 924. Commander oversaw Darken's business, and Skerianz oversaw the woodwork installation in the field.

Both Commander and Skerianz had signing authority on Darken's bank accounts. Commander frequently signed checks, including payroll checks, during the years 2007–2009. Darken had a stamp of Commander's signature, and Commander regularly

2

directed the employee who handled payroll to issue checks with his signature to employees and creditors. Commander admitted that he decided which bills to pay if there were insufficient funds to pay them all. Darken also had an outside accountant, Frank Dragotto, who prepared Darken's corporate income and employment tax returns. Once Dragotto prepared the returns, he discussed them with Commander and Skerianz before filing.

From 2007–2009, Darken did not fully pay its federal payroll taxes.[1] Commander was aware that employers are required to withhold income and social security taxes from their employees' wages. He also became aware at some point during this time period that Darken owed taxes. Further, he said that "every year we were in business we had some tax issue." A. 1178.

Commander said that he first learned that the payroll taxes were not being paid when an IRS agent came to the office. Commander then tried to work with the IRS to pay the delinquent taxes. Dragotto corroborated that Commander was kept apprised of Darken's ongoing tax struggles.

Following an administrative investigation, the IRS determined that both Commander and Skerianz were "responsible persons" who had willfully failed to pay

---

[1] For the fourth quarter of 2007, Darken reported payroll taxes of $613,379.59, but only paid $65,000. For the fourth quarter of 2008, it reported $832,941.62 but only paid $158,000. For the fourth quarter of 2009, it reported $652,709.76, but made no payments.

over the trust fund taxes.[2]  It assessed trust fund recovery penalties against both of them under I.R.C. § 6672.

### B.  Procedural History

During the pendency of this case, Skerianz died and was dismissed as a defendant. The case proceeded against Commander.  The Government sought a judgment against Commander for the unpaid balance of the amounts assessed against him—$468,470.55 for 2007, $620,329.81 for 2008, and $502,461.88 for 2009.  The parties filed cross-motions for summary judgment on the issues of:  (i) Whether Commander was a person responsible for paying over the trust fund portion of Darken's payroll taxes; and (ii) Whether Commander willfully failed to pay over those taxes.  The District Court granted the Government's motion and denied Commander's motion.

The District Court concluded that Commander was a responsible person because he was a fifty-percent owner, one of only two officers, he had check-signing authority, and he exercised his power to pay Darken's bills and sign paychecks.  The Court further determined that Commander learned between 2007 and 2009 that the taxes were not being paid, and that he received regular updates on communications with the IRS regarding the delinquencies.  The Court concluded that he was willful because he paid other creditors after having actual knowledge that the payroll taxes were not being paid, and because he acted with reckless disregard for whether the taxes were being paid.

---

[2] Trust fund taxes are amounts withheld for income and social security tax and remitted to the IRS.  26 U.S.C. § 7501.

4

Commander submitted a declaration in opposition to the Government's motion for summary judgment, in which he averred—contrary to his deposition testimony—that he had *not* been aware of the delinquencies. The District Court disregarded this declaration because "conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment." A. 1367 (quoting *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 161 (3d Cir. 2009)).

This appeal followed.

## II. DISCUSSION

On appeal, Commander contends that the District Court erroneously granted summary judgment in the Government's favor despite numerous purported disputes of material fact.

The District Court had jurisdiction pursuant to 26 U.S.C. §§ 7401–02 and 28 U.S.C. §§ 1340 and 1345. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a grant of summary judgment. *Coolspring Stone Supply, Inc. v. Am. States Life Ins. Co.*, 10 F.3d 144, 146 (3d Cir 1993). We apply the same standard as the District Court did. *Blair v. Scott Specialty Gases*, 283 F.3d 595, 602–03 (3d Cir. 2002). Summary judgment is appropriate when the moving party demonstrates that there is no genuine dispute of material fact and the evidence establishes its entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Federal Rule of Civil Procedure 56 requires summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. "In

5

determining the existence of a disputed issue of material fact on a motion for summary judgment, all inferences, doubts, and issues of credibility should be resolved against the moving party." *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 n.2 (3d Cir. 1983).

Internal Revenue Code § 6672 provides that any person required to pay over trust fund taxes who "willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof" will be liable for the amount of tax evaded. 26 U.S.C. § 6672(a). The two conditions of § 6672 liability are (1) that "the individual must be a 'responsible person,'" and (2) "her failure to pay the tax must be 'willful.'" *Greenberg v. United States*, 46 F.3d 239, 242 (3d Cir. 1994) (quoting *Brounstein v. United States*, 979 F.2d 952, 954 (3d Cir. 1992)). On appeal, Commander argues that his case presented genuine disputes of material fact regarding both conditions. As we explain below, his contentions are unavailing.

### 1. Whether Commander was a responsible person

First, Commander contends that he was not a "responsible person" under § 6672. "Responsible person," while not appearing in the statute itself, is a term of art for the person who has the duty or power to perform or direct the collecting, accounting for, or paying over trust fund taxes. *Brounstein*, 979 F.2d at 954. We have held that "[r]esponsibility is a matter of status, duty or authority, not knowledge." *Quattrone Accountants, Inc. v. I.R.S.*, 895 F.2d 921, 927 (3d Cir. 1990). And "[w]hile a responsible person must have significant control over the corporation's finances, exclusive control is not necessary." *Brounstein*, 979 F.2d at 954. Additionally, there can be more than one

6

responsible person for a particular employer. *Id.* at 955. Section 6672 imposes joint and several liability on each responsible person. *Id.* A person who has paid a § 6672 penalty may seek contribution from other liable persons. 26 U.S.C. § 6672(d).[3]

To determine whether an individual is a responsible person, we consider a nonexclusive list of factors:

> "(1) [C]ontents of the corporate bylaws, (2) ability to sign checks on the company's bank account, (3) signature on the employer's federal quarterly and other tax returns, (4) payment of other creditors in lieu of the United States, (5) identity of officers, directors, and principal stockholders in the firm, (6) identity of individuals in charge of hiring and discharging employees, and (7) identity of individuals in charge of the firm's financial affairs."

> *Brounstein*, 979 F.2d at 954–55.

We perceive no error in the District Court's conclusion that Commander was a responsible person. The undisputed evidence establishes that he was a fifty-percent owner of Darken and one of only two officers, his approval was required for company decisions and many significant financial transactions, he had check-signing authority, and had exercised his power to pay the company's bills and sign paychecks. On appeal, Commander protests that he was not responsible for Darken's payroll or tax contributions. He claims these responsibilities were entirely Skerianz's. But the District Court properly determined that the division of labor between the two partners is irrelevant, because there can be more than one responsible person, and Commander possessed and exercised the authority that qualifies one as statutorily "responsible" to pay

---

[3] Any rights Commander may have to contribution or indemnity are not before us on this appeal.

7

over taxes. Moreover, Commander's contentions that he is somehow not responsible because he managed Darken's business while Skerianz directly supervised employees only solidifies the District Court's conclusion. *See Greenberg*, 46 F.3d at 243 (stating that "significant control over the corporation's finances" is a necessary condition for responsible person status) (quoting *Brounstein*, 979 F.2d at 954)). Faced with this evidence, the District Court did not err in concluding that Commander was a responsible person under § 6672(a).

### 2. Whether Commander willfully caused the trust fund taxes to not be paid

Commander next argues that his failure to pay over the taxes was not willful. Willfulness under § 6672 is "a voluntary, conscious and intentional decision to prefer other creditors over the Government." *Quattrone*, 895 F.2d at 928. It may also be established if the responsible person acts with "reckless disregard" of a known or obvious risk that withheld taxes may not be remitted to the government. *Brounstein*, 979 F.2d at 956. "Reckless disregard includes failure to investigate or correct mismanagement after being notified that withholding taxes have not been paid." *Greenberg*, 46 F.3d at 244 (quoting *Morgan v. United States*, 937 F.2d 281, 286 (5th Cir. 1991) (per curiam)). Willfulness need not be in bad faith, nor does it require actual knowledge of the tax delinquency. *Greenberg*, 46 F.3d at 244.

Here, the District Court concluded that Commander's behavior was willful because he permitted Darken to pay other creditors after he knew that the taxes were in arrears. The record demonstrates that he had actual knowledge the taxes were due, that he stated that Darken had tax issues "[e]very year we were in business," and that each

8

time Dragotto received a notice from the IRS, "[e]verybody got spoken to every time there was some kind of issue." A. 1178–79. Despite this knowledge, Darken paid Commander and Skerianz about $4,000 a week throughout the delinquency.

In an attempt to manufacture a dispute of material fact, Commander submitted an affidavit in opposition to summary judgment, to the effect that he misspoke in his deposition and meant to say that he *later* learned of the tax delinquencies between 2007–2009. But as the District Court properly noted, "conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment." *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 161 (3d Cir. 2009) (quoting *Blair*, 283 F.3d at 608). Commander's affidavit only asserted that although his deposition could be read to show he was aware of the delinquencies, "[he] meant to say that [he] was aware at the time of the deposition that there had been issues from 2007–2009." A. 1247. Moreover, we have held that a district court may disregard a nonmovant's affidavit contradicting earlier deposition testimony if it is "without a satisfactory or plausible explanation," and does not create "a genuine, material factual dispute." *Daubert v. NRA Group, LLC*, 861 F.3d 382, 391 (3d Cir. 2017). Here, Commander presented no specific facts to contradict his unmistakable deposition testimony that "there came a time I knew the taxes weren't being paid . . . . Somewhere between 2007 and 2009." A. 933.

Commander also asserts that summary judgment was inappropriate because he was "never given the opportunity to state his own recollection of the facts," as he would have at trial, and that he was denied the testimony of witnesses who would have corroborated his claims. *See* Commander Br. at 32, 34. But this argument

9

misunderstands that on a motion for summary judgment, the nonmoving party must affirmatively demonstrate a genuine dispute of material fact. *Celotex*, 477 U.S. at 322–23. Nothing precluded Commander from presenting his version of events in his own summary judgment motion, let alone in opposition to the Government's. He did not offer any affidavits from the witnesses he now claims would have buttressed his claims at trial. Instead, he focused his motions practice on Skerianz's responsibilities and departure from the companies, and the embezzlement that led to Darken's bankruptcy, none of which created an issue of material fact.

Moreover, to the extent that Commander rests his argument on the claim that he was unaware the taxes were not being paid, he was in a position to know for certain that they were not. Under the circumstances, his inaction amounts to the reckless disregard qualifying as willfulness. *See Greenberg*, 46 F.3d at 244 ("In order for the failure to turn over withholding taxes to be willful, a responsible person need only know that the taxes are due or act in reckless disregard of this fact when he fails to remit to IRS."). Commander's argument that the Government improperly conflated the quarters at issue (from 2007 to 2009) is therefore unavailing—as a co-owner and officer of the company, he indisputably was in a position to know there was a tax problem during each quarter at issue. Accordingly, there is no basis to disturb the District Court's judgment.

### III. CONCLUSION

For the foregoing reasons, we will affirm the District Court's order.

10