**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2607
_____

UNITED STATES OF AMERICA

v.

ROBERT N. TAYLOR, III;
PENNSYLVANIA DEPARTMENT OF REVENUE

ROBERT N. TAYLOR, III,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-17-cv-03030)
District Judge:  Honorable Jan E. DuBois
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 5, 2018
Before:  KRAUSE, SCIRICA, and NYGAARD, Circuit Judges

(Opinion filed: December 7, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Robert N. Taylor, III, appeals from the District Court's judgment against him and in favor of the United States in this tax-collection proceeding. We will affirm.

I.

The Government asserts that Taylor has not filed federal income tax returns since 1998, but this case concerns his tax liability only for the years 2003 and 2004. The IRS reconstructed his income for those years on the basis of information provided by his employer and, in 2007, it assessed income taxes of approximately $65,000 together with penalties and interests. The IRS sent Taylor notices of the assessments and demands for payment. Taylor refused to pay, however, so a tax lien against his property arose by operation of law. See 26 U.S.C. § 6321. By 2017, the IRS determined that Taylor owed approximately $144,000 in tax, penalties and interests.

That same year, the Government commenced this action pursuant to 26 U.S.C. § 7403 seeking to reduce the IRS's assessment to judgment and to foreclose on its lien against Taylor's residence at 1411 South Patton Street in Philadelphia, Pennsylvania. (The Government also named the Pennsylvania Department of Revenue as a defendant for lien-priority purposes, but those parties later resolved that issue by stipulation.) Taylor responded with a pro se a motion to dismiss the Government's complaint under Fed. R. Civ. P. 12(b)(6). He argued, among other things, that the IRS lacks "jurisdiction" over him, and that he is not obligated to pay federal taxes, because he is not a "person" or "taxpayer" as defined in the Internal Revenue Code. The parties then filed cross-motions

for summary judgment. By order entered July 13, 2018, the District Court denied

Taylor's motions, granted the Government's motion, and entered judgment in its favor.

The District Court also entered an order for sale authorizing the Government to sell

Taylor's residence at auction. Taylor appeals.[1]

## II.

We will affirm substantially for the reasons explained by the District Court. In the

District Court, the Government supported its claim with a certified copy of IRS Form

4340, titled "certificate of assessment, payments, and other specified matters." That form

shows, among other things, the IRS's determination of Taylor's income, its determination

of his tax liability with penalties and interest, and the dates on which it sent Taylor

notices of the balances due. Thus, that form supports the IRS's assessment.

"It is well established in the tax law that an assessment is entitled to a legal

presumption of correctness[.]" United States v. Fior D'Italia, Inc., 536 U.S. 238, 242

(2002) (citing, inter alia, Psaty v. United States, 442 F.2d 1154, 1160 (3d Cir. 1971)).

Even in cases such as this where the Government is the plaintiff, that presumption means

that the taxpayer bears both the burden of production and the ultimate burden of

persuasion to demonstrate by a preponderance of the evidence that the tax assessment is

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's rulings on Taylor's motion under Rule 12(b)(6) and the parties' motions for summary judgment. See Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 218 (3d Cir. 2015). Summary judgment is appropriate if "there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." Id.

3

erroneous.  See Psaty, 442 F.2d at 1160.  Thus, at the summary judgment stage, the Government's production of "certified copies of the assessment . . . shifted to [Taylor] the burden of going forward with evidence to show that the assessment" was erroneous. Brounstein v. United States, 979 F.2d 952, 954 (3d Cir. 1992).

Taylor, however, did not present any evidence or even any argument that the assessment was erroneous.  In particular, he did not challenge the IRS's calculation of his income, his tax liability, or the amount of penalties and interest.  Nor has he done so on appeal.  Instead, he claims merely that he is not required to pay federal taxes at all.  He bases that claim largely on arguments like those noted above, which this Court and others repeatedly have rejected as frivolous and which the District Court properly rejected in this case as well.  See, e.g., United States v. Karlin, 785 F.2d 90, 91 (3d Cir. 1986).

Taylor does raise three other arguments that we will briefly address, but they lack merit.  First, Taylor argues that the District Court erred by granting the Government's motion for summary judgment without affording him discovery.  But Taylor did not specify in the District Court what discovery he wanted, or why, and he has not done so on appeal.  Taylor appears to argue that he is entitled to know the identity of the IRS officer who made the assessments so that he can "confront his accuser," but Taylor has raised nothing suggesting that the identity of the officer would somehow create a question of fact.  Nor has he raised anything suggesting that discovery might otherwise have done so.

Second, Taylor argues that he never received notice of his tax deficiency under 26 U.S.C. § 6212.  Taylor raised that argument below, but the District Court construed it

only as an argument in support of his Rule 12(b)(6) motion and declined to address it in that context. Even if the District Court should have addressed that argument in connection with summary judgment, however, it lacks merit. As explained above, the IRS's Form 4340 reflects numerous dates on which the IRS sent Taylor notices of the balance due. Numerous courts have held that Form 4340, and like "certificates of assessment and payment," are sufficient to show notice in the absence of evidence to the contrary. See, e.g., Perez v. United States, 312 F.3d 191, 195 & n.15 (5th Cir. 2002) (per curiam) (same); Gentry v. United States, 962 F.2d 555, 557 (6th Cir. 1992) (same). Taylor presented no such evidence in this case. To the contrary, he attached to his own filings below numerous items of correspondence between him and the IRS regarding the tax years in question dating back to 2003. (ECF No. 22 at 21-50.) Thus, there is no question that Taylor received notice of his tax deficiency.

Finally, Taylor argues that the IRS failed to provide him with what is known as a collection due process ("CDP") hearing. The District Court did not address that issue, and the Government argues that Taylor waived it by not raising it below. Taylor's filings, however, can be liberally construed to raise the issue because he attached correspondence regarding a CDP hearing (ECF No. 22 at 32-46) and he argued (albeit in conclusory fashion) that the IRS failed to provide him with a "hearing." Nevertheless, this issue too lacks merit.

Taylor attached a request for a CDP hearing that he submitted to the IRS after it filed a notice of lien against him in 2007. The record does not reveal what, if anything,

5

ultimately came of his request. Even if Taylor did not receive a CDP hearing or its equivalent, however, he has raised nothing suggesting that the lack of such a hearing renders this proceeding under 26 U.S.C. § 7403 invalid[2] or that he was prejudiced. In his hearing request, Taylor identified as "reasons for appeal" the same kinds of frivolous arguments noted above. Those issues are not properly raised at a CDP hearing, see 26 U.S.C. § 6320(c) (incorporating 26 U.S.C. § 6330(c)), and they lack arguable merit in any event. Thus, Taylor has shown no basis for relief on this issue.

## III.

For these reasons, we will affirm the judgment of the District Court.

---

[2] A CDP hearing is available on a taxpayer's timely request when the IRS files a notice of lien, and a request for a CDP hearing suspends at least some collection activity. See 26 U.S.C. § 6320(c) (incorporating 26 U.S.C. § 6330(e)). The Government appears to argue that the CDP hearing provisions apply only to administrative IRS levies and not to § 7403 suits in court like the one at issue here. See United States v. Nat'l Bank of Commerce, 472 U.S. 713, 720 (1985) (distinguishing between IRS administrative levies and "plenary" § 7403 actions). The Government has not cited any authority directly supporting that proposition, but the IRS has concluded that the suspension of collection activity triggered by a request for a CDP hearing does not apply to "non-levy collection actions such as initiating judicial proceedings[.]" 26 C.F.R. § 301.6320-1(g)(2) (question and answer A-G3). We need not conclusively resolve this issue, however, because Taylor has not developed any argument on this point beyond his mere assertion that the IRS did not provide him with a CDP hearing.